Desmond, J.
Defendant appeals from an affirmance of a misdemeanor conviction of perjury, second degree, after a trial before a Court of Special Sessions. The notice of appeal to this court states that there is brought up for review, also, an order *244 which overruled defendant’s demurrer to the information. In other words, defendant on this appeal disputes the sufficiency of the information itself besides asserting that there was a failure of proof as to an essential element of the crime of perjury, namely, an alleged absence of proof that the New York City Department of Investigation had jurisdiction and authority to conduct the hearing or inquiry in which appellant made the sworn answers found by this perjury verdict to have been intentionally false.
There is no contention—and could hardly be on this record — that the sworn answers which defendant gave to the City Commissioner of Investigation were true. Those answers were categorical denials by defendant that she was at the time of the hearing a member of the Communist party, that she had ever been a member of the Communist party, that she had been solicited or recruited for membership in the Communist party, that she had ever belonged to any organization which to her knowledge advocated or taught the overthrow of the Government by force or violence, that she had ever made any financial or other contribution to the Communist party, that she had ever attended any meetings of the Communist party, or that she had ever held any meetings of the Communist party in her home. Four witnesses testified for the prosecution at the perjury trial and there was no defense testimony. Each witness for the prosecution swore that he or she had been employed with defendant in the New York City Department of Welfare in 1934, 1935 and 1936. Three of them testified to attending Communist party meeting’s at defendant’s home in 1935 and 1936, and the fourth witness testified that in or about 1937 he attended three Communist party meetings where defendant was present. Each of these four witnesses testified that he or she belonged to the same Communist party “cell” or “fraction” to which defendant belonged, that defendant was active in various respects in these organizations and that this particular “cell” consisted of employees of the City Welfare Department.
We take up first the question raised by the demurrer to the information. The information accused defendant of second degree perjury in that on an occasion in which an oath was required by law and was necessary, etc., defendant was duly *245 sworn to testify truthfully as a witness “in a hearing and inquiry being conducted under the New York State Security Bisk Law by the Department of Investigation of the City of New York ” at its office, the oath being administered by an Examining Inspector of said department who was duly authorized to administer said oath by designation of the Commissioner pursuant to chapter 34 of the New York City Charter, and that at said time and place defendant willfully and knowingly testified falsely under said oath that she had never been a member of the Communist party and had never attended meetings of that party, whereas in truth and fact, as she well knew, that testimony was false and the truth was that she had been a member of the Communist party and had attended meetings thereof.
Defendant’s assertion that the information is insufficient is based on a theory that the pleading fails to comply with section 291 of the Code of Criminal Procedure. That statute says that in a perjury indictment (we will assume this refers to informations, also) it is sufficient to set forth the substance of the controversy or matter in respect to which the crime was committed and before whom the oath was taken, that the person taking the oath had authority to administer it, with proper allegations of falsity of the matter claimed to be perjurious, etc. Defendant says that there was in this instance a failure to comply with the requirement of section 291 that there be set forth ‘ ‘ the substance of the controversy or matter in respect to which the crime was committed ”. We hold that this information satisfied that demand when it said that the perjury was committed in a hearing and inquiry being conducted under the New York State Security Bisk Law by the City Department of Investigation at its office and by its authorized Examining Inspector, etc. Defendant’s principal reliance at this point is on the famous case of People v. Gillette (126 App. Div. 665). At page 670 of the Gillette opinion the Appellate Division analyzed the Gillette indictment and concluded that it was insufficient. In reading that opinion, however, it must be remembered that Gillette was indicted at a time when there were not two degrees of perjury in New York State but one crime only and that conviction of that crime required allegation and proof of the materiality of the *246 false testimony. However, perjury second degree, with which our present defendant was charged (Penal Law, § 1620-b), dóes not require that the matter sworn to be material.
In the Gillette case the charge was that Gillette had sworn falsely in a Grand Jury inquiry, the purpose of which was to ascertain whether officers or employees of any life insurance company in the State had violated the criminal laws of the State. Gillette was asked before the Grand Jury whether a certain bank account standing in his name as trustee was his individual property and from what source the money had come. He falsely swore that it was his own personal money and that it had come from his own personal bank account. The Appellate Division in Gillette pointed to the then statutory requirement of establishing materiality in a perjury prosecution and concluded that the Gillette indictment did not charge materiality since all it said was that Gillette had given false testimony about a personal bank account in an investigation as to whether any officers or employees of any life insurance company had violated any of the New York penal laws. In other words, the Gillette indictment was faulty because it stated much too broadly the subject matter of the alleged investigation and gave no clue as to how or in what way questioning as to the ownership of a bank account had any materiality. It seems to us that the information in the present case (which did not have to allege materiality since this was second degree perjury) sufficiently complied with section 291 of the Code of Criminal Procedure as to setting forth ‘ ‘ the substance of the controversy or matter ” in respect to which defendant was questioned and as to which she was guilty of false swearing.
That brings us to defendant’s other point: that the People failed to prove as an essential element of the crime that the City Department of Investigation had jurisdiction and authority under the Security Bisk Law to conduct the hearing and inquiry in which defendant gave false sworn answers. The information charges that this was an investigation under the New York State Security Bisk Law (L. 1951, ch. 233, as amd.). There cannot be any doubt on this record and on the statute (see exhibits, and see Security Bisk Law [L. 1951, ch. 233, as alud.], § 5) that the Mayor had validly designated the Commissioner of Investí *247 gation as the city officer responsible for carrying out the city’s obligation under the New York State Security Bisk Law, nor any doubt that the Examining Inspector who conducted these hearings was duly authorized, nor any doubt that the city Department of Welfare had been designated as a security agency under this statute, nor any doubt that the Mayor by executive order had set in motion a “ security risk program ” to ascertain whether there were any public employees concerning whom there was reasonable doubt as to whether because of doubtful trust or reliability their employment in security positions would endanger the security or defense of the Nation, State or city. Defendant points out that this record contains no proof that at the time she was questioned by the Commissioner she was an employee of the city Welfare Department. Of course, there is no requirement that the witnesses called before the Commissioner in these investigations must be city employees. Defendant says, however, that such an inquiry is authorized by the Security Bisk Law “ only if the evidence shows that it was conducted with respect to a person then employed in one of the positions to which the section applies ”. We will assume that to be true. However, every investigation must start some place and the whole inquiry cannot be expressed in one question or even in a half dozen questions. The questioning before the Commissioner was as to whether defendant, who had been a Welfare Department employee at some time, had ever been a member of the Communist party or active in its affairs or even solicited for membership. When she gave false negative answers to these questions she prevented any further inquiry and we do not know what direction the inquiry would have taken had she told the truth to the Commissioner. The Commissioner was performing his assigned duty in investigating to see whether there were subversive persons in the security agencies of the city (see Security Bisk Law, § 5, supra). These questions asked of defendant were not so totally unrelated to any such inquiry that we can hold as matter of law that it was not perjury second degree for defendant to answer them falsely.
This is no Matter of Lerner v. Casey situation (2 N Y 2d 355, affd. 357 U. S. 468) where the city employee refused to answer the questions, claiming Fifth Amendment protection. The *248 issue in Lerner was whether that failure to answer could be a ground for discharging the employee. This defendant took no such position but answered the questions perjuriously.
The judgment should be affirmed.
Chief Judge Conway and Judges Dye, Ftjld, Feoessel, Van Voorhis and Burke concur.
Judgment affirmed.